UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF PASHA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION, et al.,<br><br>Defendants. | Case No. 17-cv-01643 NC<br><br>**ORDER REMANDING CASE TO SANTA CLARA COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 43 |

Defendant JPMorgan Chase Bank, N.A. removed this case from Santa Clara County Superior Court to federal court on March 27, 2017. Dkt. No. 1. The complaint was served on JPMorgan on February 24, 2017, and JPMorgan timely removed it to this Court. In the removal notice, JPMorgan stated that Quality Loan Service Corporation's consent and diversity from plaintiffs was not required because it was a nominal defendant, and that the other defendants consented to removal. *Id*. at 1. The Court later issued an Order to Show Cause why the case should not be remanded for lack of subject matter jurisdiction, and in its response, defendants implicitly conceded that Quality was a citizen of California. Dkt. Nos. 43, 45. Because this case was improperly removed, and there is no other basis for subject matter jurisdiction over this case, the Court REMANDS this case to California Superior Court.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action brought in a state court, of which the

Case No. 17-cv-01643 NC

1  federal district courts have original jurisdiction, may be "removed by the defendant or the
2  defendants, to the district court of the United States for the district and division embracing
3  the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. §
4  1332(a)(1) "all civil federal court may permit removal where "the matter in controversy
5  exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states . . ."
6  28 U.S.C. § 1332(a). A federal district court must remand a removed case to state court "if
7  at any time before the final judgment it appears that the district court lacks subject matter
8  jurisdiction." 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

JPMorgan raises numerous arguments why this case should not be remanded. These arguments boil down to two: (1) the Pashas waived their right to object to Quality's status as a nominal defendant under California Civil Code § 2924l, and (2) the Pashas stated no substantive claims for monetary damages against Quality, and so Quality is a nominal defendant. The Court addresses both arguments.

Under California Civil Code § 2924l, a trustee may file a declaration of nonmonetary status where it is named in an action in which the deed of trust is the subject, and where the trustee maintains a reasonable belief it has been named in the action solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in performing its duties. Cal. Civ. Code § 2924l(a). Section 2924l(c) provides a 15-day window from the date of service of the declaration in which other parties in the case may object. The trustee will be required to participate in the case if a timely objection is made. *Id.* at (e). If no objection is served within 15 days from the date of service, the trustee will not be required to participate, and will not be subject to damages. *Id.* at (d).

Here, Quality executed the declaration of nonmonetary status on March 28, 2017, one day *after* the case was removed. *See* Dkt. No. 1. While there is no evidence the Pashas objected to the declaration, the fact is that the Pashas were given *no* chance to object before removal. Quality cannot be considered a nominal defendant at the time of removal. *See Boggs v. Wells Fargo Bank NA*, No. 11-cv-02346 SBA, 2012 WL 2357428, at *3 (N.D. Cal. June 14, 2012) (remanding because "removal occurred less than fifteen

Case No. 17-cv-01643 NC   2

days after [the trustee] filed its declaration of non-monetary status, [the trustee] had not yet been transmuted into a nominal party *at the time of removal*" (emphasis in original)); *Newman v. Select Portfolio Servicing, Inc.*, No. 13-cv-03685 JSC, 2013 WL 5708200, at *2 (N.D. Cal. Oct. 21, 2013) (same).

The Court notes that in its response to the Order to Show Cause JPMorgan stated that if Quality were not considered a nominal party here, "a trustee could never be nominal, and a plaintiff could always defeat federal jurisdiction by naming a foreclosure trustee as a defendant in a lawsuit against a servicer or lender." Dkt. No. 45 at 4. JPMorgan has it backwards. If, by filing a declaration of nonmonetary status and removing the case—no matter if the plaintiff is given a chance to object beforehand—a trustee, no matter what it does can receive the protections nonmonetary status confers, then a *trustee* could never be considered a real party in interest. That outcome would be unjust.

Because the Court finds this case was improperly removed, the Court next considers whether there is another basis for subject matter jurisdiction to exist over this case.[1] JPMorgan argues the Pashas have not stated a substantive claim against Quality for monetary damages, and that this fact requires that Quality be considered a nominal defendant. The Court disagrees. While the Pashas are required to state a substantive claim against Quality to avoid Quality being considered a nominal defendant, the Pashas are not also required to assert that they could collect monetary damages against Quality.[2] *Osorio*

---

[1] Quality neither consented to nor declined the Court's jurisdiction under 28 U.S.C. § 636(c). However, because the Court has no evidence Quality was ever served with the complaint, the Court does not require Quality's consent to its jurisdiction under 28 U.S.C. § 636(c). *Davis v. Clearlake Police Dep't*, No. 07-cv-03365 EDL, 2007 WL 2318946, at *1 n.1 (N.D. Cal. Aug. 13, 2007); *Myers v. U.S. Dep't of Labor*, No. 02-cv-04889 BZ, 2003 WL 21018277, at *1 (N.D. Cal. Apr. 22, 2003).

[2] In its Order to Show Cause, the Court cited *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1002 (N.D. Cal. 2013). That case stated that to consider an otherwise nominal defendant, like a trustee, to be a real party in interest, a plaintiff must allege substantive allegations and assert claims for monetary damages against it. In looking at the authority cited by *Perez*, nothing compels that both substantive allegations *and* monetary damages are pled in this analysis. *See Silva v. Wells Fargo Bank NA*, No. 11-cv-03200 GAF (JCGX), 2011 WL 2437514, at *5 (C.D. Cal. June 16, 2011); *Couture v. Wells Fargo Bank, N.A.*, No. 11-cv-01096 IEG (CAB), 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011). Indeed, as demonstrated above, there is authority to the contrary.

Case No. 17-cv-01643 NC      3

United States District Court
Northern District of California

*v. Wells Fargo Bank*, No. 12-cv-02645 RS, 2012 WL 2054997, at *2 (N.D. Cal. June 5, 2012) ("trustees are often deemed nominal parties, . . . but an exception is made where the complaint contains substantive allegations against the trustee *or* seeks to recover money damages from the trustee." (emphasis added)); *Newman*, 2013 WL 5708200, at *3.

The Court agrees with JPMorgan that none of the claims properly made against Quality allow an award of monetary damages. Those claims are under the Homeowner Bill of Rights and under California's Unfair Competition Law. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010) (under Cal. Civil Code § 2924g, the remedy for violation of § 2923.5 is postponement of foreclosure sale); *Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 232 (2006) ("no one may recover damages under the UCL"). Yet both of the claims against Quality are substantive and involve a real action and injury, namely Quality's allegedly unlawful recordation of the notice of default. However, the Court agrees that the Pashas have not stated any claim as to their allegation that Quality is not a lawfully appointed trustee over the deed of trust.

This is a garden-variety foreclosure case presenting no federal question. Though the Court has invested resources in this case, this is largely due to the Pashas lack of familiarity with the legal requirements of litigating in federal court or anywhere else for that matter. The Court continues to be displeased with the Pashas lack of interest in litigating their own case and their disregard of Court orders. However, the Court has lacked subject matter jurisdiction over this case from the outset. The Court may not continue to preside over this case now. This case is REMANDED to California state court, Santa Clara County.

**IT IS SO ORDERED.**

Dated: August 1, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-01643 NC          4